MAUDE E. BOUTON, on Behalf of Herself and All Principals, etc., Respondent, *v.* CHARLES H. VAN BUREN and SAMUEL W. DAY, Copartners, Doing Business under the Firm Name of C. H. VAN BUREN & COMPANY, Appellants, and JAMES JENKINS, as General Assignee of JOHN D. KLINE, for the Benefit of Creditors, Defendant. .

Interlocutory judgment affirmed, with costs, with leave to the defendant to serve an answer within twenty days, on the payment of such costs and of the costs included in said judgment. All concur, except John M. Kellogg, P. J., dissenting with a memorandum in which H. T. Kellogg, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting). The most favorable view of the complaint to the plaintiff is that the defendants, composing the Van Buren firm, purchased for the plaintiff ten shares of American Locomotive common stock, which is now of the value of $628.22, on which she paid certain charges for margins and commissions. She does not know whether they have sold the stock or not. They have not denied her rights or made any adverse claim against her. There is nothing to show that there is any dispute between them as to the stock, its ownership, or the amount due thereon. If we concede

the defendants were trustees for her, it does not follow that they can be brought into an expensive lawsuit on account of ten shares of stock of the value stated, where there is no adverse claim or misunderstanding between the parties with relation to it. It may be that at the time of suit brought, the ten shares of stock were worth less than the amount plaintiff owed upon it; no claim has been made against her for any indebtedness; she apparently has no substantial interest in the controversy and no grievance. She is a mere volunteer seeking trouble, and her position does not appeal to a court of equity. The mere fact that a person is trustee does not make him liable to be brought into a court of equity at the will of any *cestui que trust*. If this were not so the office of trustee would be intolerable and the fund would be a prey to every designing person. Courts are formed to enforce a right, redress a grievance or prevent a threatening injury. The plaintiff has shown no right to be in court. She has made no request of the trustees and they have refused her nothing. In order to move a court of equity the plaintiff must show some interest imperilled, some right denied, some wrong to be righted. For aught that appears the parties may be in perfect accord with relation to the trust and the rights and obligations of the parties. In my judgment no fact is stated which should move a court of equity, at the instance of the plaintiff, to embark on the expensive litigation foreshadowed by the complaint. I favor a reversal. H. T. Kellogg, J., concurs.